Ruth T. HAIRSTON, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 02–3093.

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 29, 2003.

Margaret Levey, Manatt, Phelps & Phillips, LLP, of Los Angeles, CA, argued for petitioner. With her on the brief was Esra Acikalin Hudson.

Hillary A. Stern, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Robert E. Kirschman, Assistant Director. Of counsel was James C. Caine, Attorney.

Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

Ruth A. Hairston appeals the June 12, 1996 final order of the Merit Systems Protection Board ("Board") affirming a July 6, 1995 reconsideration opinion issued by the Office of Personnel Management ("OPM") denying Ms. Hairston's application for a former spouse survivor annuity under the Civil Service Retirement System ("CSRS"). *Hairston v. Office of Pers. Mgmt.*, Docket No. SF–0831–95–0754–I–1, 70 M.S.P.R. 592 (Jun 12, 1996). Under this court's decision in *Wood v. Office of Personnel Management*, 241 F.3d 1364 (Fed.Cir.2001), we hold that Ms. Hairston is entitled to receive the former spouse survivor annuity, and accordingly reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Ruth and Paul Hairston were married on July 25, 1942. Paul Hairston retired in April 1980 after nearly thirty-five years of civil service at the Long Beach Naval Shipyard. As part of the retirement process, Mr. Hairston completed the CSRS's Application for Retirement and elected to provide a full survivor annuity for Ms. Hairston.

Ms. Hairston filed for divorce three years later. The court entered a judgment of dissolution of marriage on September 12, 1984 that included a statement that "[Mr. Hairston's] Civil Service pension through his employment at the Long Beach Naval Shipyard is found to be community property and is ordered joined and each monthly payment is ordered divided equally between the parties." The final judgment of dissolution was not entered until March 18, 1987.

As of March 18, 1987, Ms. Hairston was no longer capable of qualifying as a surviving spouse entitled to receive the survivor annuity under 5 U.S.C. § 8341(b) as elected by Mr. Hairston. Until passage of the Civil Service Retirement Spouse Equity Act of 1985 ("CSRSEA"), there was no

legal provision for former spouses. Under the CSRSEA, a divorced former spouse could receive a survivor annuity if: 1) the retiree former spouse [Mr. Hairston] makes an election to provide this survivor annuity within two years following the divorce; 2) the divorcee former spouse [Ms. Hairston] applies for a survivor annuity before May 8, 1989, and meets the requirements of 5 C.F.R. § 831.683(a); or 3) a survivor annuity is awarded to a divorcee former spouse pursuant to a court order or divorce decree. 5 U.S.C. § 8339(j)(2) (2000). OPM is required to send annual notices to all annuitants [Mr. Hairston] relating to changes they are entitled to make to their survivor annuity elections upon termination of a marriage by divorce, annulment, or death, or remarriage, after retirement. *See* 5 U.S.C. § 8339 note (2000). Mr. Hairston first received this notice in December 1986, approximately four months prior to the finalization of the divorce decree, and continued receiving this notice, in some form, annually until 1994. Mr. Hairston never explicitly elected to provide Ms. Hairston with a survivor annuity at any time after their divorce. However, after the divorce, OPM notified Mr. Hairston of his option to restore annuity payments to the full level (absent any deduction for a survivor annuity). Mr. Hairston did not request such a restoration of payments and did not object to continued receipt of reduced payments after the divorce.

On March 23, 1987, Ms. Hairston, through her counsel, requested payment of benefits as a result of the divorce decree, finalized on March 18, 1987. On September 29, 1987, pursuant to OPM's request, Ms. Hairston submitted an Application for Apportionment of Retirement Benefits to the Allotment Section/Garnishment Unit of OPM.

OPM notified Mr. Hairston by letter on July 14, 1987 that it intended to honor the divorce decree and provide half of his "annuity" to Ms. Hairston. Importantly, this is the first letter Mr. Hairston received from OPM after the divorce was finalized. This letter mentioned nothing about the requirement that Mr. Hairston must affirmatively elect to provide Ms. Hairston with a former spouse survivor annuity. Mr. Hairston did not respond to this notification and continued to receive a reduced annuity. Mr. Hairston died on February 22, 1995.

On March 31, 1995, Ms. Hairston filed an application with OPM for a former spouse survivor annuity. OPM denied Ms. Hairston's application on April 20, 1995, determining "that there is no court awarded survivor annuity benefit to a former spouse." Ms. Hairston requested reconsideration of this opinion on May 26, 1995.

OPM issued a reconsideration decision on July 6, 1995 affirming the initial decision. Ms. Hairston filed an appeal to the Board on July 18, 1995. The Board affirmed OPM's decision on October 31, 1995.

In its decision, the Board found that Mr. Hairston never elected to provide Ms. Hairston with a former spouse annuity. Although the Board acknowledged that there was sufficient evidence to prove that Mr. Hairston intended to provide a former spouse survivor annuity, the holding of *Vallee v. Office of Personnel Management*, 58 F.3d 613, 616 (Fed.Cir.1995) precluded awarding benefits because Mr. Hairston had received adequate notice of his right to provide for former spouse survivor benefits. The Board also held that the divorce decree was insufficient to confer survivor benefits on Ms. Hairston because the decree did not expressly award a former spouse survivor annuity or expressly direct Mr. Hairston to elect to do so as required

by 5 C.F.R. § 838.804. Lastly, the Board held that OPM had no duty to notify Ms. Hairston of her option to file for a former spouse survivor annuity.

## II. DISCUSSION

The issue before this court is whether the Board erred in deciding Ms. Hairston was not entitled to a survivor annuity as a former spouse. The scope of review of Board decisions is limited by statute. We must affirm a decision by the Board unless it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedure required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (2000); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986).

On appeal, Ms. Hairston asserts that OPM failed to satisfy the statutory requirement to notify Mr. Hairston of his election options and that this failure, combined with evidence of his intent in the form of continued acceptance of reduced annuity benefits, entitles her to the annuity. In light of our holding in *Wood*, we agree.

OPM is statutorily obligated to annually inform each annuitant of such annuitant's rights of election under sections 8339(j) and 8339(k)(2) of Title 5, United States Code. *See* 5 U.S.C. § 8339 note; *see also Brush v. Office of Pers. Mgmt.*, 982 F.2d 1554, 1559 (Fed.Cir.1992) (holding that the "plain meaning of this provision [5 U.S.C. § 8339 note] is that the annual notice is mandatory").

OPM typically discharges this annual notice requirement by sending a standardized notice form annually to every annui-

tant on OPM's master annuity roll, regardless of marital status. While this court has determined that these form notices are generally sufficient, *see Holder v. Office of Pers. Mgmt.*, 47 F.3d 412, 415 (Fed.Cir. 1995), we have also determined that such notice is "hardly a model of clarity" and is not effective in correcting earlier confusion created by OPM, *Wood*, 241 F.3d at 1367. In *Wood*, we held that the first notice provided to Mr. Wood [the employee] was ineffective because it failed to inform him of the requirement to affirmatively elect a former spouse survivor annuity. *Id.* at 1367–68. We further held that sending additional compliant notices at a later time in the election period was not effective to cure the initial defective notice. *Id.*

■ In the event this mandatory notice is not effectively provided:

OPM cannot deny the annuity even if formal election has not been made during the applicable time period, so long as there is some evidence that the employee wished his former spouse to receive the annuity.

*Id.* at 1366. Evidence that the employee, upon retirement, elected to provide a spousal annuity, and after divorce declined to restore benefit payments or did not object to the continued discounted payment consistent with election of a spousal annuity is sufficient to prove the employee intended to provide a former spouse survivor annuity. *See Vallee*, 58 F.3d at 616; *Brush*, 982 F.2d at 1559.

Accordingly, OPM must pay a survivor annuity if the following occurs: (1) the statutorily required notice is ineffective; and (2) the evidence shows that the employee [Mr. Hairston] intended to provide a former spouse survivor annuity.

Here, the Board correctly determined that the evidence of record proves that Mr. Hairston intended to provide Ms. Hairston

a survivor annuity. Mr. Hairston, upon retirement, elected to provide Ms. Hairston a survivor annuity. Subsequent to the divorce, Mr. Hairston continued to receive a reduced annuity payment and never requested that this annuity be restored. The government does not contest this finding of the Board.

■ Thus, the only issue remaining is whether the first relevant notice received by Mr. Hairston was confusing and therefore ineffective. To resolve this issue it is necessary to examine the facts relating to the various notices received by Mr. Hairston and the timing of the divorce.

The court entered a judgment of dissolution of marriage on September 12, 1984, but the final judgment of dissolution was not entered until March 18, 1987. In December 1986, prior to the final judgment of dissolution, Mr. Hairston received the first form notice advising him of his right to elect to provide a former spouse survivor annuity. Shortly after the divorce became final, Mr. Hairston received a notice from OPM with respect to OPM's intention to honor the divorce decree and divide his pension equally with Ms. Hairston. Noticeably absent from this notice was any notification of the need to affirmatively elect to provide Ms. Hairston with a former spouse survivor annuity. For the reasons discussed in *Wood,* we hold that this first notice received *after* the divorce became final was confusing and therefore ineffective.

■ For purposes of this holding we do not consider the suitability of the notice sent to Mr. Hairston in 1986 because it was prior to the final judgment of dissolution. It is the first notice received after the finalization of the divorce that is critical because it is at that point at which the employee's election rights to provide a former spouse annuity begin. *See* 5 U.S.C. § 8339(j)(3) ("An election under this paragraph shall be made ... within 2 years after the date on which the marriage of the former spouse to the employee ... is dissolved."). Under California law, the entry of the final divorce decree "grants the divorce, dissolves the marriage, restores the parties to the status of single persons, and permits each to marry again." *In re Estate of Seiler,* 164 Cal. 181, 182, 128 P. 334 (Cal.1912); *Adler v. Superior Court of Alameda County,* 187 Cal.App.2d 207, 212, 9 Cal.Rptr. 373 (Dist.Ct.App.1960). The evidence of record shows that the final judgment of dissolution, giving rise to Mr. Hairston's election rights, was not entered until March 18, 1987. Thus, because the notice of December 1986 was prior to this final divorce decree, it is not relevant for the purpose of notification under 5 U.S.C. § 8339.

## III. CONCLUSION

Accordingly since there is sufficient evidence to prove Mr. Hairston intended to provide a former spouse survivor annuity and the first notice after the finalization of the divorce decree was ineffective, Ms. Hairston is entitled to receive the former spouse survivor annuity. The decision of the Board is therefore reversed and remanded for further proceedings consistent with this opinion.

*REVERSED* AND *REMANDED.*