# United States Court of Appeals for the Federal Circuit

2009-3071

ALICE A. DORSEY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.


Alice A. Dorsey, of Rocky Ridge, Maryland, pro se.

John S. Groat, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Jo Ann Chabot, Office of Personnel Management, of Washington, DC.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3071

ALICE A. DORSEY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0831080541-I-1.

_____

DECIDED: November 25, 2009

_____

Before NEWMAN, MAYER, and PROST, <u>Circuit Judges</u>.

Opinion for the court filed by <u>Circuit Judge</u> PROST. Dissenting opinion filed by <u>Circuit Judge</u> NEWMAN.

PROST, <u>Circuit Judge</u>.

Ms. Alice Dorsey appeals the October 8, 2008 decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM's") denial of her request for a survivor annuity benefit based on the federal service of her late spouse, Mr. James C. Blood. Because the Board's determination that Mr. Blood failed to elect a survivor annuity benefit during the two-year window provided for by statute is supported by substantial evidence, we affirm.

## I. BACKGROUND

Mr. Blood retired from federal service on June 30, 1991. At that time, he was not married and did not elect either a survivor annuity benefit or life insurance coverage under the Federal Employees' Group Life Insurance ("FEGLI") Program. On October 25, 2002, Mr. Blood married Ms. Alice Dorsey. About a year later, Mr. Blood received from OPM Standard Forms 2808 and 2823, both of which he filled out and returned. These forms designated Ms. Dorsey as Mr. Blood's beneficiary under both the Civil Service Retirement System and FEGLI.

Mr. Blood passed away on February 2, 2008, and in March of that year Ms. Dorsey filed a request with OPM for a survivor annuity benefit. OPM denied the request, however, because Mr. Blood did not elect to provide a survivor annuity benefit for Ms. Dorsey within two years of their marriage. On appeal, the Board concluded that the record supported the agency's conclusions that OPM satisfied its obligation to notify Mr. Blood of his right to elect a survivor annuity and that Mr. Blood did not make an election. Accordingly, it affirmed the agency's decision. Ms. Dorsey filed a timely appeal in this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our review of a decision of the Board is strictly limited by statute. Under 5 U.S.C. § 7703(c), we must affirm the Board's decision in this case unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." Brewer v. U.S. Postal Serv., 647 F.2d 1093, 1096 (Ct. Cl. 1981) (quotation marks omitted).

A federal employee who is unmarried at the time he retires but later marries has the right to irrevocably elect to provide a survivor annuity for his spouse. 5 U.S.C. § 8339(k)(2)(A). In order to exercise this right, the employee must submit to OPM a signed writing showing his intent to provide a survivor annuity within two years of the date of marriage. Id. No particular form is required; any signed writing that manifests the annuitant's intent to make an election will suffice. Harris v. Office of Pers. Mgmt., 985 F.2d 549, 550 (Fed. Cir. 1993).

Ms. Dorsey raises several arguments on appeal. First, she argues that the evidence clearly shows that Mr. Blood intended to provide a survivor annuity for her, even though he did not file an election. According to Ms. Dorsey, Mr. Blood's submission of Standard Forms 2808 and 2823, combined with his desire to take care of his family, demonstrates that he intended for Ms. Dorsey to receive a survivor annuity.

We conclude that substantial evidence supports the Board's determination that Mr. Blood did not elect to provide a survivor annuity for Ms. Dorsey, as required by statute. The forms submitted by Mr. Blood relate to other benefits and do not elect a survivor annuity benefit. Standard Form 2808 provides for the designation of a beneficiary to receive a lump-sum benefit under the Civil Service Retirement System, and specifically states that "[t]his Designation of Beneficiary form is used to designate who is to receive a lump-sum payment which may become payable after your death. It does not affect the right of any person who is eligible for survivor annuity benefits. Do not confuse this form with designation forms used for other types of benefits . . . ."

Standard Form 2823 provides for the designation of a beneficiary under the Federal Employees' Group Life Insurance program. The form repeatedly refers to "the Insured" and asks the person filling out the form whether he is the "Insured" or an "Assignee." Thus, even if Mr. Blood erroneously believed that the forms he submitted would provide a survivor annuity for Ms. Dorsey, the forms themselves do not demonstrate an intent to elect survivor annuity benefits.

We also note that Mr. Blood received general notice regarding his right to elect a survivor annuity as part of his Notices of Annuity Adjustment in 2002 and 2003. Those notices explained that to elect a survivor annuity benefit for the first time, the annuitant would need to make a deposit, the amount of which OPM would calculate following election. Failure to pay the deposit would result in cancellation of the election. The notices also informed Mr. Blood that upon electing a survivor annuity benefit, his own annuity would necessarily be reduced. Ms. Dorsey provided no evidence that OPM calculated a deposit amount, that Mr. Blood received a notice regarding his required deposit, or that Mr. Blood paid a deposit. Ms. Dorsey also does not claim that Mr. Blood's annuity was decreased in the five years following Mr. Blood's purported election. This provides further support for the Board's conclusion that Ms. Dorsey failed to prove that Mr. Blood intended to elect a survivor annuity.

We cannot hold otherwise. To do so, we would have to infer that a loving husband necessarily intends to procure every benefit available to him for his next of kin, even in the absence of evidence to that effect.[1]  Given that Ms. Dorsey carries the

---

[1]  There is no reason to limit this inference to the survivor annuity at issue here; the same arguments Ms. Dorsey makes regarding those benefits apply equally well to any other benefit that Mr. Blood did not properly elect.

burden of proving that she is entitled to a survivor annuity benefit, we cannot draw that inference. <u>Barnes v. Office of Pers. Mgmt.</u>, 980 F.2d 708, 713 (Fed. Cir. 1992). Further, we cannot lose sight of the fact that we have limited review in this case. The Board weighed the evidence and determined that "[n]othing in this record shows that Mr. Blood elected a survivor annuity for [Ms. Dorsey] within the time allowed." Because that conclusion is supported by substantial evidence, we must affirm.

Second, Ms. Dorsey argues that Mr. Blood was suffering from Alzheimer's disease for the last ten years of his life and was unaware that the forms he received from and returned to OPM would not provide a survivor annuity for her. The two-year window during which a recently married retiree may elect for a survivor annuity, however, is provided for by statute and applies even in cases of mental deficiency. <u>Schoemakers v. Office of Pers. Mgmt.</u>, 180 F.3d 1377, 1382 (Fed. Cir. 1999). This court simply does not have the authority to ignore a statutory requirement.

Finally, Ms. Dorsey argues that Mr. Blood never received a personal notice from OPM informing him that he only had two years after the date of their marriage during which he could elect to provide a survivor annuity for her and that the forms he had submitted did not make the election. To prove that it provided adequate notice, OPM must establish both "that the notice was actually sent. . . . [and] the contents of the annual notice." <u>Brush v. Office of Pers. Mgmt.</u>, 982 F.2d 1554, 1561 (Fed. Cir. 1992). Although OPM has an obligation to provide annual notice to annuitants informing them that they have the right to elect a survivor annuity, OPM may satisfy that obligation by sending a general notice announcement rather than providing each annuitant with a personalized notice letter. <u>Hairston v. Office of Pers. Mgmt.</u>, 318 F.3d 1127, 1130 (Fed.

Cir. 2003). In this case, OPM provided a declaration by Cyrus S. Benson in which he stated that he sent out annual notices to all annuitants, including Mr. Blood, in December 2002 and 2003. The Board reviewed the notices and found that OPM properly notified Mr. Blood of his right to elect a survivor annuity. As discussed above, for instance, the notices provided Mr. Blood information regarding how to make an election, the time-frame within which he needed to do so, and the consequences of choosing a survivor annuity benefit. Thus, we agree that the notices were adequate. Finally, as to Ms. Dorsey's claim that OPM had an obligation to inform Mr. Blood that he failed to make an election, we cannot agree. The Board concluded that

> the preponderance of evidence shows that the notices were properly mailed, and that Mr. Blood and/or [Ms. Dorsey] received those notices. . . . that the notices contained an adequate explanation of Mr. Blood's right to elect a survivor annuity. . . . [and that n]othing in this record shows that Mr. Blood elected a survivor annuity for [Ms. Dorsey] within the time allowed.

Because we credit the Board's determination, we cannot conclude that OPM should have known of and acted upon Mr. Blood's alleged intent to elect a survivor annuity.

In sum, the Board's conclusion that Mr. Blood did not elect a survivor annuity benefit for Ms. Dorsey is supported by substantial evidence. As a result, we must affirm the Board's decision.

COSTS

Each party shall bear its own costs.

AFFIRMED

# United States Court of Appeals for the Federal Circuit

2009-3071

ALICE A. DORSEY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0831080541-I-1.

NEWMAN, Circuit Judge, dissenting.

After her husband, Mr. James Blood, died in 2008, Ms. Alice Dorsey was told by the Office of Personnel Management ("OPM") that Mr. Blood had not made a proper election to provide her with a survivor annuity. My colleagues on this panel agree. For the reasons I shall explain, Mr. Blood met the minimum requirements of demonstrating the intention to elect a survivor annuity.

In 1991 Mr. Blood retired from service with the National Security Agency. He and Ms. Dorsey were married in 2002. Mr. Blood phoned OPM shortly after the marriage, in accordance with the instructions in the notice that is sent to all retirees by OPM.

Section 2 of the OPM notice is entitled "Survivor Annuity Benefits for a Spouse You Marry After Retirement." Under "How to Make an Election," the notice states:

> Call or write to OPM at the address on this notice within the two-year time limit, state the election you want to make, include proof of your marriage, and sign your request. We will send you detailed information about the effect of the election, the exact amount of your annuity if you decide to make the election and an election form to sign and return to us if you want to take this action.

In response to Mr. Blood's phone call OPM sent him two forms, Form 2823 entitled "Designation of Beneficiary, Federal Employees' Group Life Insurance (FEGLI) Program," and Form 2808 entitled "Designation of Beneficiary, Civil Service Retirement System." Mr. Blood completed both forms, listing Ms. Dorsey as the primary beneficiary in the space indicated on both forms; they were duly signed and witnessed as the forms designated, and returned to OPM in accordance with the accompanying instructions. Neither form is the correct form for electing a survivor annuity. Ms. Dorsey states that her husband believed he had elected a survivor annuity, and that she heard him inform OPM, during the phone call, that he had married and wished to make this provision.

The facts are not in dispute, and credibility is not challenged. Rather, it is apparent that Mr. Blood did not recognize that the forms that OPM sent him did not provide a survivor annuity for the designated beneficiary. However, whatever error Mr. Blood made in deciphering the forms, his was not the only error, for these forms were sent to him in response to his notification to OPM requesting a survivor annuity. First, OPM erroneously sent him a FEGLI beneficiary designation form, although he did not have FEGLI insurance. Then, OPM did not notify Mr. Blood of the error when he returned the completed FEGLI form, thus leaving the mistake undetected. The Civil Service Retirement System ("CSRS") "Designation of Beneficiary" form confusingly

refers to a "lump sum payment," and states that the designation "will not affect" any survivor annuity. And OPM never sent the correct form for electing a survivor annuity.

Thus, in response to Mr. Blood's phone call, OPM sent the wrong forms and Mr. Blood filled out and returned the wrong forms. Both sides to this unfortunate event erred. OPM on this appeal appears to recognize its contribution to the mistake, for OPM suggests that this court remand with instructions that OPM reconsider Ms. Dorsey's claim. See Resp. Br. at 15 (suggesting in the alternative that "the Court to [sic] should remand this case to the MSPB with instructions to remand to OPM to determine whether Ms. Dorsey is entitled to a survivor annuity"). However, my colleagues on this panel decline to give Ms. Dorsey this chance. I must, respectfully, dissent.

DISCUSSION

The MSPB rejected Ms. Dorsey's claim, holding that the forms Mr. Blood filled out did not establish an "unmistakable intent" to elect a survivor annuity. However, Mr. Blood's intent to provide an annuity for Ms. Dorsey is supported by the entirety of these events. Although the FEGLI and CSRS beneficiary forms were incorrect, these were the forms that OPM sent in response to his notification of his post-retirement marriage. Ms. Dorsey testified that she was present when Mr. Blood phoned OPM to give notice of his marriage and that he wished to provide a survivor annuity for Ms. Dorsey. OPM does not dispute her credibility.

Nor does OPM dispute that these were the wrong forms. Indeed, the FEGLI form is totally inapplicable to Mr. Blood. The other form, entitled "Designation of Beneficiary, Civil Service Retirement System," is not a model of clarity. Form 2808 states:

> I, the person identified above, designate the beneficiary or beneficiaries named below to receive any lump-sum benefit which may

become payable under the Civil Service Retirement System (CSRS) after my death. I understand that this designation of beneficiary will not affect the rights of any survivors who may qualify for annuity benefits after my death, cancels any previous designation of beneficiary, and remains in effect until I cancel it in writing or I receive payment before retirement of all the monies to my credit in the Civil Service Retirement and Disability Fund.

I direct, unless otherwise indicated below, that if more than one beneficiary is named, the share of any beneficiary who may predecease me or who may be disqualified for any other reason shall be distributed equally among the stated beneficiaries or entirely to the survivor. If none of the beneficiaries are alive and eligible to receive payment when a lump sum becomes payable, this designation is void and payment will be made according to the order of precedence set by law.

Perhaps Mr. Blood thought this designation of the beneficiary of a "lump-sum benefit" under the CSRS, and the form's statement that the designation "will not affect" rights to "annuity benefits after my death," was the way OPM administered such annuity benefits – for OPM sent him the form in response to his request to establish a survivor annuity. Based on this form Ms. Dorsey was paid a lump sum of $247.93, which was Mr. Blood's accrued annuity for the month in which he died.

The MSPB observed that the forms OPM sent to Mr. Blood "served their true purpose of designating beneficiaries for certain other benefits." Dorsey v. Office of Personnel Mgmt., No. PH-0831-08-0541-I-1, slip op. at 5 (M.S.P.B. Oct. 8, 2008) (initial decision). However, that "true purpose" is obscure, for Form 2823 is for participants in the federal life insurance program, and served no purpose whatsoever for Mr. Blood. And Form 2808, which reads, at best, like a lump sum death benefit that preserves a survivor annuity, instead provided two days pay.

The MSPB cites Harris v. Office of Personnel Mgmt., 985 F.2d 549, 550 (Fed. Cir. 1993), for the "unmistakable intent" standard it relied on. However, the court did not

establish "unmistakable intent" as the standard of proof. Mr. Harris was a living annuitant who had elected a survivor annuity for his wife married after retirement, but then attempted to cancel the election. See id. at 549–50. Mr. Harris argued that he did not make a binding election because he filed an incomplete form, for he did not select a deposit option on the survivor annuity form. OPM rejected his argument and this court affirmed, stating that "[w]e have no difficulty concluding that, when Harris signed this form, he manifested an unmistakable intent to elect, and did elect, survivor annuity benefits for his new spouse." Id. at 550. This court described the evidence, not a new standard of proof for survivorship election.

Circumstances beyond the specific flawed documents can be considered, in the interest of achieving the correct and just result. Every indication is that Mr. Blood intended to provide a survivor annuity for his new spouse, for he so informed OPM within the proper time period, and completed the beneficiary forms that OPM provided. Ms. Dorsey offers the information that she and Mr. Blood were raising a four-year old child as their own, and Mr. Blood was desirous of assuring their support. The panel majority is mistaken in proposing that precedent bars any relief on the facts of this case.

I take note of OPM's argument that "[a] voluntary post-retirement survivor annuity has immediate, irrevocable and costly consequences that annuitants may not wish to incur," Resp. Br. at 11, apparently proposing that Mr. Blood deliberately avoided providing a survivor annuity for Ms. Dorsey. But OPM's annual notice states that "[i]n most cases, the actuarial reduction will be less than 5% of your annuity." J.A. at 30.

On the entirety of the circumstances, the election of a survivor annuity for Ms. Dorsey is supported by a preponderance of the evidence. At a minimum, OPM's

suggestion for remand for further consideration should be implemented.  From my colleagues' contrary ruling, I respectfully dissent.