PROST, Circuit Judge.
Petitioner Sarah Y. DuBoise appeals the February 10, 2009 decision of the Merit Systems Protection Board (“Board”) affirming the Office of Personnel Management’s (“OPM’s”) denial of her request for a survivor annuity retirement benefit based on the federal service of her late *36 former spouse, Sammie DuBoise. Because the Board by way of the administrative judge mistakenly relied on a statutorily required notice dated December 2005, which it believed was dated December 2006, we vacate and remand for further proceedings consistent with this opinion.
BACKGROUND
When Mr. DuBoise retired from the Department of the Interior on June 1, 1998, he elected to receive a fully reduced annuity to provide the maximum survivor annuity to Ms. DuBoise, who was then his wife. The DuBoises divorced in April 2006. The divorce decree made no reference to a survivor annuity for Ms. DuBoise. Mr. DuBoise continued to receive a reduced annuity until his death in September 2007. Ms. DuBoise sought survivor benefits based on Mr. DuBoise’s service.
Although Ms. DuBoise was entitled to survivor annuity benefits as a result of Mr. DuBoise’s election at retirement, that entitlement terminated when the DuBoises divorced. See 5 U.S.C. § 8339(j)(5). The law provides that a former spouse of a federal employee is entitled to a survivor annuity if a divorce decree expressly provides for one, 5 U.S.C. § 8341(h)(1), or if the annuitant makes a new election to grant a survivor annuity within two years of the divorce. Id.; 5 U.S.C. § 8339(j)(3).
OPM denied Ms. DuBoise’s original request as well as her request for reconsideration, finding that when Mr. DuBoise divorced Ms. DuBoise, his prior election of a survivor annuity for Ms. DuBoise terminated. She appealed the reconsideration decision to the Board. The administrative judge assigned to Ms. DuBoise’s case found that the divorce decree contained no language that could fairly be read as providing a survivor annuity, a finding Ms. DuBoise has not challenged on appeal. It is also undisputed that Mr. DuBoise did not make a new election pursuant to 5 U.S.C. § 8339(j)(3) during the remaining seventeen months of his life after the divorce.
A former spouse, however, may receive survivor annuity benefits in the absence of a new election by the annuitant if (1) the annuitant did not receive the required annual notice of his election rights under 5 U.S.C. § 8339®, see Pub.L. No. 95-317, § 3, 92 Stat. 382 (1978), and (2) “ ‘there is evidence sufficient to show that the retiree indeed intended to provide a survivor annuity for the former spouse.’ ” Hernandez v. Office of Pers. Mgmt., 450 F.3d 1332, 1334-35 (Fed.Cir.2006) (quoting Wood v. Office of Pers. Mgmt., 241 F.3d 1364, 1368 (Fed.Cir.2001)). “When a nonfrivolous allegation is made that OPM has not sent the mandatory notice as required by statute, the burden of going forward (or the burden of production) falls to OPM.” Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1560-61 (Fed.Cir.1992). OPM must then prove that the mandatory notice was actually sent to Mr. DuBoise and that the contents of the notice were legally sufficient to inform him of the need to make a new election after the divorce in order to continue Ms. DuBoise’s right to a survivor annuity. See Simpson v. Office of Pers. Mgmt., 347 F.3d 1361, 1365 (Fed.Cir.2003); Brush, 982 F.2d at 1560-61.
Before the administrative judge, as support, OPM submitted the affidavit of Cyrus Benson, the official who administers the contract for printing and distributing form notices for OPM’s Center for Retirement and Insurance Service, who stated that general notices regarding survivor elections were sent to all annuitants each December from 1991 to 2006. The administrative judge explained that OPM also submitted copies of the notices sent in 2005 and 2006. The administrative judge reviewed what OPM had identified as the *37 2006 notice and concluded that its language was adequate to inform Mr. Du-Boise of the need to reelect a survivor annuity within two years of his divorce.
Though it did not affect the outcome, the administrative judge further found that Mr. DuBoise intended to provide a surviv- or annuity for Ms. DuBoise. Family members testified that Mr. DuBoise intended to provide for Ms. DuBoise during his lifetime and after his death. The record also shows that following the divorce, and until his death, Mr. DuBoise continued to receive a reduced annuity. The government does not challenge the administrative judge’s finding that Mr. DuBoise intended to continue to provide a survivor annuity for Ms. DuBoise.
The administrative judge’s initial decision became the final decision of the Board when the Board denied Ms. DuBoise’s petition for review. Ms. DuBoise appeals. On July 9, 2009, upon bringing to our attention that it inadvertently misidentified the annual 2004 and 2005 notices it submitted to the MSPB as the 2005 and 2006 notices, OPM requested a remand. Ms. DuBoise opposed the motion on the grounds that proof of a notice having been sent fails to constitute proof that Mr. Du-Boise received it. We initially denied OPM’s motion. We have jurisdiction pursuant to 28 U.S.C. § 1295(9).
DISCUSSION
We review a decision of the Board to determine, among other things, whether it is “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; ... or unsupported by substantial evidence.” See 5 U.S.C. § 7703(c).
The government concedes on appeal that the annual notice identified by OPM as the December 2006 notice, and referred to as such by the administrative judge, was actually the December 2005 notice. The only other notice in evidence was the December 2004 notice. OPM failed to provide the December 2006 notice, which is the only notice that should have been sent to Mr. DuBoise after the divorce and before his death, and therefore the relevant notice here. See Hairston v. Office of Pers. Mgmt., 318 F.3d 1127, 1131 (Fed.Cir.2003) (“It is the first notice received after the finalization of the divorce that is critical because it is at that point at which the employee’s election rights to provide a former spouse annuity begin.”). The administrative judge examined the language of the 2005 notice, mistakenly believing it was the 2006 notice, in order to determine if it was sufficient to inform annuitant of his reelection right. Thus, the administrative judge relied on the misidentified notice to support her conclusion that OPM sent Mr. DuBoise adequate notice in 2006 of the need to make a new election.
Presumably upon discovery of the discrepancy of both what was actually in the record and the administrative judge’s reliance on that document, OPM requested a remand stating “the current administrative record is inadequate for determining whether OPM sent Mr. DuBoise the required notice in 2006, and whether the content of the 2006 notice was adequate to inform Mr. DuBoise of his right to make a new election.” OPM’s request included augmentation of the administrative record and additional fact-finding. We initially denied OPM’s motion. However, upon further review of the record, we conclude that a remand is appropriate for purposes of allowing the administrative judge to determine whether such an augmentation is appropriate in the first instance based on these specific facts, and thereafter, to reevaluate this case based upon the record. We therefore vacate and remand for further proceedings consistent with this opinion.
*38 COSTS
Each party shall bear its own costs.