NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**TERRY A. WILLIAMS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2016-1196

_____

Petition for review of the Merit Systems Protection Board in No. DC-0831-14-1065-I-1.

_____

Decided: May 5, 2016

_____

TERRY A. WILLIAMS, Norfolk, VA, pro se.

ADAM E. LYONS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by PATRICIA M. MCCARTHY, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

_____

Before O'MALLEY, CLEVENGER, and BRYSON, *Circuit Judges.*

PER CURIAM.

Appellant Terry A. Williams seeks review of the September 15, 2015 decision of the Merit Systems Protection Board ("Board") denying her request for survivorship benefits. Supplemental Appendix ("SA") 1-7. For the reasons below, we *affirm* the Board's decision.

BACKGROUND

Ms. Williams seeks entitlement to survivorship benefits based on an election of benefits made by Ms. Williams's former husband, Robert L. Williams, before their divorce. The parties do not dispute that Mr. Williams did not take any action to renew the pre-divorce election of survivorship benefits after the divorce. The principal issue on appeal is whether the Office of Personnel Management ("OPM") properly informed Mr. Williams after the divorce that he was required to renew the pre-divorce election of survivorship benefits in order for it to continue in force.

Mr. and Ms. Williams married on November 12, 1975. SA 2. During their marriage, Mr. Williams elected to have Ms. Williams receive his annuity as a survivorship benefit. *Id.* Mr. Williams retired from Federal employment on May 30, 1995, and Mr. and Ms. Williams subsequently divorced. *Id.* The divorce decree did not include any reference to survivorship benefits. SA 47-48.

After her divorce, Ms. Williams applied for an annuity based on the pre-divorce election. SA 2. On September 23, 2005, OPM denied Ms. Williams's application (the "2005 decision"). SA 42. Ms. Williams moved for reconsideration of the 2005 decision, and OPM affirmed in a decision dated February 23, 2006. SA 39.

Mr. Williams died on October 22, 2012. Ms. Williams again applied for a lump sum survivor benefit based on Mr. Williams's pre-divorce election. SA 2. On September 9, 2013, OPM denied Ms. Williams's application.

The ensuing procedural history involved two appeals. In the first appeal, docketed as matter DC-0831-14-01017-1-1 (the "first appeal"), Ms. Williams appealed from OPM's September 9, 2013 Order, arguing that OPM had not provided proper notice to Mr. Williams that he needed to make a post-divorce election in order for his pre-divorce election of survivorship benefits to be effective. SA 29. In an order dated October 31, 2014, the administrative judge instructed Ms. Williams to file evidence to support her claim that OPM had failed to provide adequate notice to Mr. Williams. *Id.*

During that first appeal, Ms. Williams explained that she had not received the February 23, 2006 reconsideration decision affirming the 2005 decision. SA 34. Accordingly, on March 4, 2014, OPM entered a new reconsideration decision, in which it affirmed the 2005 decision. SA 3. Ms. Williams then appealed from that decision, in a matter docketed as DC-0831-14-1065-1-1 (second appeal). SA 33. Ms. Williams dismissed the first appeal and chose, instead, to pursue an appeal from the March 4, 2014 Order. SA 35-36.

On December 8, 2014, the administrative judge held a status conference in the second appeal. SA 26. During the status conference, Ms. Williams repeatedly stated that the only issue she was raising was whether OPM had properly notified Mr. Williams that he was required to make a new survivorship election after the divorce in order to continue his pre-divorce survivorship election. SA 26-27. At the status conference, Ms. Williams also withdrew her request for a hearing, and elected to proceed on the papers. *Id.*

On April 23, 2015, the administrative judge entered a decision affirming the OPM's denial of Ms. Williams's request for a survivorship benefit, finding that OPM had provided notice to Mr. Williams that a post-divorce election was necessary. SA 4. Ms. Williams sought review of

the administrative judge's decision, and the Board affirmed in its September 15, 2015 decision.

Ms. Williams now appeals the Board's September 15, 2015 judgment.

DISCUSSION

Our review of Board decisions is limited by statute. We will set aside a Board decision if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."   5 U.S.C. § 7703(c).   Under the substantial evidence standard, "we will reverse the MSPB's decision if it is not supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"   *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002).   "On appeal, [the appellant] bears the burden of establishing error in the Board's decision."   *Link v. Dep't of the Treasury*, 51 F.3d 1577, 1581 (Fed. Cir. 1995).

As previously noted, during the December 8, 2014 status conference before the administrative judge, Ms. Williams "confirmed and acknowledged that she is <u>not</u> challenging OPM's decision to deny her request for an annuity on any other basis" than that OPM failed to properly notify Mr. Williams of the need to renew his pre-divorce election of survivorship benefits.   SA 26-27 (emphasis in original).   In particular, Ms. Williams "repeatedly confirmed during the prehearing conference she [wa]s not raising . . . any other related claims in the context of this appeal."   SA 27 n.1.   Ms. Williams did not take exception to the administrative judge's summary of the status conference, despite the administrative judge's express invitation to raise any concerns she had.   SA 28.   Issues not raised to the Board are not before us on appeal. *Frank v. Dep't of Transp.*, 35 F.3d 1554, 1559 (Fed. Cir. 1994).   Therefore, the only issue before us is whether the

OPM provided proper notice to Mr. Williams regarding the need to renew his pre-divorce survivorship election.

Ms. Williams argues that OPM's notice was deficient because OPM never provided evidence that it mailed a notice (1) specifically naming Mr. Williams, and (2) specifically bearing Mr. Williams's address. Appellant Br. at 1-2. The government responds that it has provided ample evidence in the form of an affidavit from the responsible OPM official averring that notices were sent in the ordinary course of business to each annuitant on the master annuity roll each year from 1989 to 2008 and that those notices informed annuitants of the need to file post-divorce annuity elections within two years of the divorce decree. Appellee Br. at 7 (citing SA 17-18 (Affidavit of Cyrus S. Benson)).

We have held that OPM may provide affidavit evidence to demonstrate that it provided an annuity notice, and that the affidavit need not refer by name to the particular annuitant involved. *See Schoemakers v. Office of Pers. Mgmt.*, 180 F.3d 1377, 1381 (Fed. Cir. 1999) (finding that an affidavit constituted adequate proof that OPM mailed notices to an annuitant even where the affidavit did not refer "by name to the particular annuitant involved."). Here, as in *Schoemakers*, we agree that the government's affidavit is sufficient evidence of the mailing of the requisite notice to Mr. Williams. As noted in the September 15, 2015 Board decision, there is no dispute that Mr. Williams was receiving his annuity payments, confirming that his name and address were already on the annuity roll. *Id.* The Board accordingly found it more likely than not that OPM had provided the notice regarding survivorship elections to Mr. Williams. We find that substantial evidence supports the Board's conclusion regarding the provision of notice to Mr. Williams.

Ms. Williams further argues that the content of the OPM notices did not sufficiently inform Mr. Williams of the need to renew pre-divorce survivor elections after a divorce in order for the survivor elections to be effective. Appellant Br. at 1-2. The government responds that the notices referenced in the OPM official's affidavit informed each annuitant about the need to renew pre-divorce survivor elections consistent with OPM's statutory obligation to do so. Appellee Br. at 2-3.

The 2004 and 2005 OPM notices instructed Mr. Williams as follows:

### 3. Survivor Annuity Benefits for a Former Spouse

*Eligibility and Time Limits* – With some exceptions, retirees are eligible to elect a reduced annuity to provide a survivor annuity for a former spouse if they send a signed request to OPM 1) within 2 years after the date the marriage ended by divorce or annulment . . . . Please note that a NEW SURVIVOR ANNUITY ELECTION IS REQUIRED to provide a former spouse annuity WITHIN TWO YEARS AFTER THE DIVORCE, even if you had previously elected to provide a survivor annuity for that spouse at the time of retirement as a current spouse. Continuing a survivor reduction, <u>by itself</u>, is not a former spouse survivor election. . . .

*How to Make an Election* – Call or write to OPM at the address on this notice within the two-year time limit, state the election you want to make, and sign your request. . . .

### 5. Termination of Survivor Elections

Survivor elections terminate upon the death of the person elected, divorce of the annuitant from the selected spouse . . . .

SA21-22 (2004 notification) (emphasis and capitalization in original); *see also* SA23-24 (2005 notification) (same).

An election of survivorship benefits for a former spouse "shall be made at the time of retirement or, if later, within 2 years after the date on which the marriage of the former spouse to the employee or Member is dissolved." 5 U.S.C. § 8339(j)(3). We have held that "an annual notice is deficient when it fails to inform an annuitant that, even if he had previously elected a spousal annuity when married, he must make a new election after his divorce." *Simpson v. Office of Personnel Management*, 347 F.3d 1361, 1365 (Fed. Cir. 2003)." Here, in contrast to the deficient annuity notice in *Simpson*, the 2004 and 2005 annuity notices expressly instructed Mr. Williams of the need to renew his pre-divorce survivorship election in order for it to be effective after the divorce. *See* SA 21-24.

Ms. Williams's case also is not akin to the other two cases on which she relies, *Hairston v. Office of Personnel Management*, 318 F.3d 1127, 1129 (Fed. Cir. 2003), and *Warren v. Office of Personnel Management*, 407 F.3d 1309, 1316 (Fed. Cir. 2005). In *Hairston*, we held that an annuity notice was defective because it contradicted OPM's statement that it would award annuity benefits pursuant to the parties' final divorce decree in that case. 318 F.3d at 1131. "Shortly after the divorce became final, Mr. Hairston received a notice from OPM with respect to OPM's intention to honor the divorce decree and divide his pension equally with Ms. Hairston." *Id.* Thus, we found that OPM erred in failing to inform Mr. Hairston "of the need to affirmatively elect to provide Ms. Hairston with a former spouse survivor annuity." *Id.*

*Warren* is also inapposite. In *Warren*, OPM never disputed "that OPM failed to provide Mr. Pike [the former employee] with proper notice of his right, following his divorce, to elect a survivor annuity for Ms. Warren. 407 F.3d at 1316. That is not the case here. Having consid-

ered Ms. Williams's arguments and our controlling precedent, we find no error in the Board's conclusion that OPM's annual notices to Mr. Williams were not defective.

CONCLUSION

For the above reasons, we find no reversible error in the judgment of the Board denying Ms. Williams's application for survivorship benefits. Accordingly, we affirm the judgment of the Board.

**AFFIRMED**