NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DOREEN CROSS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2021-1116

_____

Petition for review of the Merit Systems Protection Board in No. AT-0843-19-0760-I-1.

_____

Decided: January 24, 2022

_____

MICHELLE BERCOVICI, Alden Law Group, PLLC, Washington, DC, argued for petitioner. Also represented by JAMES MATTHEW EISENMANN.

IOANA CRISTEI, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, MARTIN F. HOCKEY, JR; ROXANN SAMANTHA JOHNSON, Office of General Counsel, United States Office of Personnel Management, Washington, DC.

JEFFREY GAUGER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for amicus curiae Merit Systems Protection Board. Also represented by TRISTAN L. LEAVITT, KATHERINE M. SMITH.

_____

Before MOORE, *Chief Judge*, SCHALL and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Doreen C. Cross appeals the decision of the Merit Systems Protection Board affirming the final decision of the Office of Personnel Management denying her request for former spouse survivor annuity benefits. Because the Board's finding that OPM provided the statutorily mandated notice of annuity election rights is not supported by substantial evidence, we reverse.

## BACKGROUND

Doreen and Wayne Cross married on August 3, 1982. In 1998, the Crosses permanently and legally separated and signed an agreement settling assets and custody.

Mr. Cross was employed with the Department of the Navy as a civilian serviceman covered by the Federal Employees Retirement System and retired from federal service in 2005, seven years after his separation from Ms. Cross. On his retirement application, Mr. Cross elected to receive a reduced annuity for himself to provide the maximum allowable survivor annuity for Ms. Cross.

On March 27, 2015, the Crosses finalized their divorce. At that time, Mr. Cross had received a reduced annuity for nearly ten years in order to provide for Ms. Cross in the event of his death. Less than six months later, on September 23, 2015, Mr. Cross died of lung cancer.

Shortly after Mr. Cross's death, Ms. Cross submitted Mr. Cross's death certificate to OPM. Appx.[1] 77. Based on its assumption that Ms. Cross was the "spouse of the decease[d]" (i.e., Mr. Cross), OPM placed Ms. Cross into its system under the "express pay" category. Appx. 75. The "express pay" category means OPM would pay out survivor annuities to Ms. Cross prior to receiving a signed and completed Application for Death Benefits. Ms. Cross submitted the completed Application for Death Benefits in November 2015.

In September 2016, OPM denied Ms. Cross's application and notified her that she had been overpaid by $1,241.73 because she had previously been paid "based on [her] report of death of Wayne W. Cross as the spouse of the decease[d]." Appx. 75. Because she was the "former spouse of the decease[d]" and because the "divorce decree d[id] not award [Ms. Cross] a survivor annuity" upon Mr. Cross's passing, OPM determined that Ms. Cross was not eligible to receive survivor annuity benefits, terminated her future benefits, and demanded repayment. Appx. 75–76.

In October 2016, Ms. Cross submitted a Request for Reconsideration, explaining that she had "never said or suggested that [Mr. Cross] and [she] were currently married" and that neither she nor Mr. Cross had been "aware of a need to manipulate [their] divorce decree in order for OPM to pay what [the Crosses] had previously agreed upon via formal elections." Appx. 77. Nearly two years later, in June 2018, OPM issued a final decision affirming its initial decision denying her application because the divorce decree "did not award [Ms. Cross] a survivor benefit," Appx. 78, and because "Mr. Cross did not submit a request to make

---

[1] "Appx." refers to the Appendix filed with Petitioner's brief.

an election to provide a former spouse annuity for" Ms. Cross, Appx. 79.

In September 2019, Ms. Cross appealed OPM's final decision to the Merit Systems Protection Board. In March 2020, an Administrative Judge issued an initial decision affirming OPM's denial of former spouse survivor annuities to Ms. Cross and remanding the issue of OPM's alleged overpayment to Ms. Cross. Appx. 5–6. Over the next six months, due to the global pandemic, Ms. Cross requested and was granted several extensions to file a petition for review with the Board. Ms. Cross ultimately elected to allow the initial decision to become final and filed her appeal with this court on October 25, 2020.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal, Ms. Cross asserts that OPM had not effectively provided notice to Mr. Cross of the requirement to affirmatively elect a former spouse survivor annuity after a divorce, and that this failure, combined with the Board's undisputed finding that Mr. Cross intended for her to receive the former spouse survivor annuity, entitles her to the annuity. We agree.

Although our review in an appeal from a decision of the Board is limited by statute, the Board's decision will be set aside if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Brenner v. Dept. of Veterans Affairs*, 990 F.3d 1313, 1318 (Fed. Cir. 2021). The Board's decision here is not supported by substantial evidence. We therefore reverse.

A former spouse of a deceased federal employee is entitled to a survivor annuity under two circumstances: if (1) the annuity is expressly provided for in an affirmative

election or a divorce or annulment decree, court order, or court-approved settlement agreement incident to such a decree, *see* 5 U.S.C. § 8445(a); or (2) "the statutorily required notice is ineffective; and [] the evidence shows that the employee . . . intended to provide a former spouse survivor annuity," *Hairston v. Off. of Pers. Mgmt.*, 318 F.3d 1127, 1130 (Fed. Cir. 2003); *see also Wood v. Off. of Pers. Mgmt.*, 241 F.3d 1364, 1366 (Fed. Cir. 2001); *Vallee v. Off. of Pers. Mgmt.*, 58 F.3d 613, 615–16 (Fed. Cir. 1995); *Brush v. Off. of Pers. Mgmt.*, 982 F.2d 1554, 1562–64 (Fed. Cir. 1992). It is undisputed that neither the Crosses' separation agreement nor their divorce decree expressly awards the survivor annuity benefit to Ms. Cross.

This appeal therefore focuses on the second option available to Ms. Cross. Regarding intent, the Board found, and the Government does not challenge on appeal, that there is "no doubt that Mr. Cross did intend until his death that [Ms. Cross] would receive a former spouse survivor annuity based on his federal service." Appx. 5; *see also* Oral Arg. at 31:36–32:17, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=211116_12152021.mp3. Accordingly, the dispositive question on appeal is whether OPM provided the statutorily required notice. For the reasons below, we conclude that the Board's finding that OPM provided notice to Mr. Cross is not supported by substantial evidence.

OPM is "under a very clear and mandatory directive from Congress" to provide annual notice of annuity election rights to all annuitants. *Brush*, 982 F.2d at 1563. "When a nonfrivolous allegation is made that OPM has not sent" the notice as required by statute, the burden of production falls to OPM to show, by "more than a bare allegation," that notice was sent and to offer proof of its contents. *Id.* at 1560–61. "OPM presumably has access to the pertinent records, as well as to the people who deal with those records," and this burden of production cannot be "upon the petitioner in the first instance to prove a negative." *Id.*

at 1561.  To meet this burden, OPM ordinarily submits "a sworn affidavit . . . attesting that general notices regarding survivor elections were mailed to all annuitants every December during the pertinent time period."  Appx. 4 n.4; *see also*, *e.g.*, *DuBoise v. Off. of Pers. Mgmt.*, 363 F. App'x 35, 36–37 (Fed. Cir. 2010).

Here, however, the "agency provided no documentary evidence" to show that it provided the required notices annually.  Appx. 4; *see also* Oral Arg. at 17:36–43 ("OPM did not provide an affidavit in this case explaining that it provides annual notice.").  The only evidence regarding notice in the proceedings before OPM and the Board was provided by Ms. Cross herself.  That evidence was a single OPM notice "addressed to her former spouse, from December 2012, which she said [she] located in a 'burn pile' after [Mr. Cross's] death."  Appx. 4; *see also* Oral Arg. at 17:53–17:59 (explaining that the only evidence is the "2012 notice that was provided to Mr. Cross that [Ms.] Cross turned over").

We do not agree that a single notice from 2012—found and produced by Ms. Cross—suffices as substantial evidence to support the Board's finding that the statutorily required notice was provided annually to Mr. Cross.  This single notice, dated 2012 and found in a "burn pile" in which documents would presumably be disposed of in a first in, first out order, is not substantial evidence to prove that Mr. Cross received annual notices subsequent to 2012.  Therefore, the statutorily required notice was ineffective.

## CONCLUSION

We have considered the Government's remaining arguments and do not find them persuasive.  Under these circumstances, we determine that Ms. Cross is entitled to receive the former spouse survivor annuity because the Board's finding that the mandated notice was provided to Mr. Cross is unsupported by substantial evidence and because it is undisputed that Mr. Cross intended to provide

Ms. Cross with a former spouse annuity following his death. Therefore, we reverse.

## **REVERSED**