**Irene HOLDER, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 94–3303.**

United States Court of Appeals, Federal Circuit.

Feb. 7, 1995.

Kenneth B. Wilensky, Vessa & Wilensky, P.C., Mineola, NY, argued for petitioner.

Lauren S. Moore, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued for respondent. With her on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Deputy Director. Also on the brief was Lorraine Lewis, Gen. Counsel, Office of Personnel Management, of counsel.

Before PLAGER, CLEVENGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) affirmed the Office of Personnel Management's (OPM's) denial of a former spouse annuity to Irene Holder. *Holder v. Office of Personnel Management*, 61 M.S.P.R. 348 (1994). Because Ms. Holder filed her application late and because Ms. Holder's former husband did not timely elect to provide her with an annuity, this court affirms.

## BACKGROUND

Mr. Holder was a federal employee who became eligible for a disability retirement annuity in 1974. When he retired, Mr. Holder indicated his agreement with the statutory election of a survivor annuity for his widow if she outlived him. The Holders divorced in 1984. Mr. Holder did not ever re-designate Ms. Holder for the survivor annuity. Mr. Holder married again in 1989, but did not notify OPM of the divorce or the remarriage. Mr. Holder died in 1990. Both Mr. Holder's second wife and Ms. Holder applied to OPM for a survivor annuity.

Ms. Holder received approximately $16,000 in survivor annuity payments from OPM. In February 1992, however, OPM determined that Ms. Holder was ineligible for survivor benefits and had been overpaid. OPM affirmed this decision on reconsideration in December 1992. OPM informed Ms. Holder that she did not qualify for benefits as a "widow" under the Civil Service Retirement System (CSRS). *See* 5 U.S.C. § 8341(a)(1) (1988). OPM also explained that Ms. Holder could not claim benefits under the divorce decree, *see* 5 U.S.C. § 8341(h) (1988), because the Holders divorced before the May 7, 1985 effective date of the statute permitting such benefits. *See* Pub.L. No. 98–615, § 4(a)(1), 98 Stat. 3195, 3204–05 (1984), *reprinted in* 5 U.S.C. § 8341 note (1988). Further, OPM declared that Mr. Holder had not

submitted a new survivor annuity election for Ms. Holder after their divorce under section 4(b)(1)(A) of the Civil Service Retirement Spouse Equity Act of 1984 (CSRSEA). *See* Pub.L. No. 98–615, § 4(b)(1)(A), 98 Stat. 3195, 3205 (1984), *reprinted in* 5 U.S.C. § 8341 note (1988). Finally, OPM concluded that Ms. Holder could not claim benefits because she did not apply before the 1989 deadline for a survivor annuity under section 4(b)(1)(B) of the CSRSEA. *Id.* § 4(b)(1)(B)(iv), 98 Stat. at 3205.

Ms. Holder appealed to the Board, which initially reversed OPM's decision. The Administrative Judge (AJ) found that although OPM was not required under the statutes to provide Mr. Holder with notice of his election rights under CSRSEA § 4(b)(1)(A), the notices OPM actually issued to Mr. Holder would have confused a reasonable person about how and when to elect survivor benefits under the CSRSEA. The AJ then found that Mr. Holder had intended to elect benefits for Ms. Holder, and awarded her the benefits. The full Board, however, reversed the AJ's initial decision. *Holder v. Office of Personnel Management,* 61 M.S.P.R. 348 (1994). The Board held that the CSRSEA provided Mr. Holder's only means of electing a survivor annuity. Mr. Holder had to make the election by September 8, 1987: one year after OPM published interim regulations implementing the CSRSEA. *See* Federal Employees Benefits Improvements Act, Pub.L. No. 99–251, § 201(d), 100 Stat. 14, 23 (1986); 5 C.F.R. § 831.621(b)(4) (1986). The Board found that OPM's annual notice to Mr. Holder in 1986 informed him of his right to elect Ms. Holder. Finally, the Board held that the 1989 deadline for application by spouses such as Ms. Holder, under CSRSEA § 4(b)(1)(B), was a statutory condition of eligibility that could not be waived or tolled. Ms. Holder appeals.

## DISCUSSION

The issue before this court is whether the Board erred by deciding that Ms. Holder failed to meet the requirements for a survivor annuity. This court affirms because the Board's decision was not

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (1988); *Brush v. Office of Personnel Management,* 982 F.2d 1554, 1556–57 (Fed.Cir.1992).

### I.

■ This court first addresses the effect of Ms. Holder's late application for survivor benefits. CSRSEA section 4(b)(1)(B) only addresses survivor benefits for former spouses who applied on or before May 7, 1989. Pub.L. No. 98–615, § 4(b)(1)(B)(iv), 98 Stat. 3195, 3205 (1984), *reprinted in* 5 U.S.C. § 8341 note (1988). The CSRSEA deadline to apply for a benefit cannot be tolled. *Iacono v. Office of Personnel Management,* 974 F.2d 1326, 1328 (Fed.Cir.1992). Ms. Holder did not apply until 1990. Thus, Ms. Holder cannot receive an annuity under the CSRSEA.

■ Equitable estoppel, furthermore, cannot negate a statutory prerequisite for disbursement. *Iacono,* 974 F.2d at 1328. If it could, agents of the Executive Branch who make statements concerning entitlements could effectively shift control over financial disbursements away from Congress, in contravention of the Appropriations Clause of the Constitution. *Office of Personnel Management v. Richmond,* 496 U.S. 414, 428, 110 S.Ct. 2465, 2473–74, 110 L.Ed.2d 387 (1990). Government agents cannot bind the Government to make monetary payments contrary to statutory rules. *See id.; see also Schweiker v. Hansen,* 450 U.S. 785, 789–90, 101 S.Ct. 1468, 1471–72, 67 L.Ed.2d 685 (1981). Thus, Ms. Holder could not obtain relief even if, as she claims, OPM provided her with unclear or faulty information concerning whether she needed to apply for the annuity. *Cf. Richmond,* 496 U.S. at 426–32, 110 S.Ct. at 1471–72.

## II.

 This court next addresses the effect of Mr. Holder's failure to elect a former spouse survivor annuity for Ms. Holder after the divorce. Subsequent divorce extinguishes an election made at retirement:

> Any reduction in an annuity for the purpose of providing a survivor annuity for the current spouse of a retired employee ... shall be terminated for each full month—
>
> . . . .
>
> (ii) after the dissolution of the spouse's marriage to the employee. . . .

5 U.S.C. § 8339(j)(5)(A) (1988). This statutory rule governs even when the retiree does not inform OPM of the divorce, or the retiree continues to receive a reduced retirement annuity. *See Harris v. Office of Personnel Management,* 888 F.2d 121, 124 (Fed.Cir. 1989). To provide a former spouse annuity for Ms. Holder, Mr. Holder was required to make an affirmative election, under CSRSEA § 4(b)(1)(A), by September 8, 1987. 5 C.F.R. § 831.621(b)(4) (1987); Federal Employees Benefits Improvements Act, Pub.L. No. 99–251, § 201(d), 100 Stat. 14, 23 (1986); *see also* 5 C.F.R. § 831.682(b)(4) (1994). Because Mr. Holder did not make this required election, Ms. Holder is not entitled to a former spouse survivor annuity.

In sum, Mr. Holder did not elect Ms. Holder for a former spouse survivor annuity. The Board committed no error in denying Ms. Holder former spouse benefits on this basis.

## III.

 Without deciding whether, as Ms. Holder claims, OPM was required to give Mr. Holder annual notice of his election rights under CSRSEA § 4(b)(1)(A), this court finds that the Board properly determined that the December 1986 notice provided to Mr. Holder reasonably informed him of his former spouse election rights. The notice stated:

> If your annuity commenced before May 7, 1985, and you have a former spouse (that is, your marriage is terminated by divorce or annulment), THEN you may elect to provide a survivor annuity for that former spouse. Such an election must be filed in writing with the OPM no later than September 8, 1987.

This language informed Mr. Holder that he was required to make an affirmative election with OPM by September 8, 1987 for Ms. Holder to receive a survivor annuity. As the Board properly found, even if subsequent notices from OPM were objectively confusing, they are irrelevant because Mr. Holder's election rights ended before such notices were sent.

## CONCLUSION

Because Ms. Holder did not apply for an annuity until after the statutory deadline, and because Mr. Holder failed to elect a former spouse survivor annuity for her, this court affirms the Board's denial of the annuity to Ms. Holder.

## COSTS

Each party shall bear its own costs.

AFFIRMED.