Maryann A. WOOD, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 00–3235.

United States Court of Appeals,
Federal Circuit.

March 6, 2001.

Herbert Karasin, of Reading, PA, for petitioner.

Mark L. Josephs, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were David M. Cohen, Director; and Kirk T. Manhardt, Assistant Director. Of counsel on the brief was Earl A. Sanders, Attorney, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

Before BRYSON, Circuit Judge,
PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

DYK, Circuit Judge.

Maryann A. Wood applied for a former spouse survivor annuity under the Civil Service Retirement System. She claimed entitlement to that benefit on the ground that it had been elected by Bernard Wood, her deceased former spouse and a retired federal employee, or, if not formally elected, that the government's failure to give the required notice excused Mr. Wood's failure to make a formal election. The Merit Systems Protection Board (the "Board") held that Mrs. Wood was not entitled to the benefit because a formal election letter was not submitted to the Office of Personnel Management ("OPM") within the noti-

fication period designated by the applicable statute. We hold that Mrs. Wood is entitled to receive the former spouse survivor annuity, and accordingly reverse and remand for further proceedings consistent with this opinion.

I

Maryann and Bernard Wood were married in 1955. Mr. Wood retired from federal service in March 1984. At the time he retired, he elected to take a fully reduced annuity in order to provide the maximum survivor annuity to Mrs. Wood, who was then his wife. On December 30, 1986, the Woods were divorced.

On August 20, 1986, after the filing of the divorce complaint but before the divorce decree issued, Mr. Wood sent a letter to OPM. The letter provided, in relevant part:

When I went on retirement I opted to have my wife listed on Survivor Retirement Benefits. I am going thru Divorce Proceedings now and would like to know her status after decree is final. We have been married 30 years and I think she is still entitled to benefits as long as I don't remarry. Please clear me up on this and what it will cost me to continue with it.

Mr. Wood received some general information in a reply letter dated September 19, 1986. That letter indicated that it was in reply to his "correspondence regarding a possible divorce," and it identified three ways in which the former spouse of a retired federal employee could obtain a former spouse survivor annuity. The letter referred to two relevant statutes and explained that:

The annuitant may voluntarily elect to provide survivor coverage for an ex-spouse, a court order as part of the final divorce decree may require the annuitant to retain coverage for the ex-spouse, or the former spouse by her own application may qualify as explained on the attached fact sheet.

(Emphasis added). The letter also included a hand-written note informing Mr. Wood that he should notify OPM if his marriage ever terminated.

After the divorce on December 30, 1986, Mr. Wood received, in December of 1987, an additional notice of his rights relating to his retirement benefits.[1] That notice stated, in pertinent part, that:

IF your annuity commenced before May 7, 1985, and IF (1) you have a former spouse whose marriage to you ended on or after May 7, 1985, and (2) you had, during your marriage to that person, elected a survivor annuity for him or her before May 7, 1985, THEN you may elect a survivor annuity for that former spouse within two years after the marriage ended. You will have to accept a reduced annuity and pay any required deposit (including interest) if you make this election.

The government contends, and Mrs. Wood does not dispute, that Mr. Wood did not thereafter notify OPM of his divorce. It is also undisputed that Mr. Wood continued to receive a reduced annuity until his death in October 1998. So far as the record reveals, the government has kept the money it withheld from Mr. Wood's annuity pursuant to his election in 1984.

Following Mr. Wood's death on October 31, 1998, Mrs. Wood applied to OPM for a former spouse survivor annuity. OPM denied her application, in part, on the ground that Mr. Wood had not elected to provide a former spouse survivor annuity for her within two years of their December 30, 1986, divorce. Mrs. Wood then petitioned the Board for review. An administrative judge upheld OPM's decision and the full Board denied her petition for review. This timely appeal followed.

## II

Mrs. Wood asserts that OPM failed to satisfy the statutory requirement to notify Mr. Wood of his election options, and that this failure, combined with evidence of his intent in the form of his letter and continued acceptance of reduced annuity benefits, entitles her to the annuity. We agree.

The statute clearly requires notice of election rights to the affected employee. Section 8339 note provides that:

The Director of the Office of Personnel Management shall, on an annual basis, inform each annuitant of such annuitant's rights of election under sections 8339(j) and 8339(k)(2) of Title 5, United States Code.

5 U.S.C. § 8339 note; see also Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1559 (Fed.Cir.1992) (holding that the "plain meaning of this provision [5 U.S.C. § 8339 note] is that the annual notice is mandatory").

■ We have twice held that, if the required notice is not provided, OPM cannot deny the annuity even if formal election has not been made during the applicable time period, so long as there is some evidence that the employee wished his former spouse to receive the annuity. See Vallee v. Office of Pers. Mgmt., 58 F.3d 613, 615–16 (Fed.Cir.1995); Brush, 982 F.2d at 1562. In another case, Holder v. Office of Personnel Management, 47 F.3d 412, 415 (Fed.Cir.1995), we held that the notice provided was adequate.

■ On this appeal, the government argues that Mr. Wood was statutorily required to file an election of a former spouse annuity within two years following entry of the divorce decree on December 30, 1986, and that his letter dated August 20, 1986, was insufficient because it was sent before his divorce became final. We do not reach the question of the adequacy of Mr. Wood's letter to serve as a formal election because we find that the government failed to provide adequate notice.

---

1. Another notice, presumably identical to the December, 1987, notice, was sent by OPM to Mr. Wood sometime in December of 1986. However, it is not clear from the record whether Mr. Wood received this notice prior to or after the issuance of the divorce decree on December 30, 1986.

The letter received by Mr. Wood from OPM in September of 1986 made no mention of a requirement that he make an election after the divorce. That letter simply listed the three ways in which Mrs. Wood could receive a former spouse survivor annuity, and one of them, without further explanation, was Mr. Wood's ability to "voluntarily elect to provide survivor coverage for an ex-spouse." Nor did the letter inform Mr. Wood that his continued receipt of a reduced annuity would not suffice to constitute an election. Under these circumstances, Mr. Wood could have reasonably believed that his August 20, 1986, letter to OPM had already elected a former spouse survivor annuity for Mrs. Wood, and that he was not required to do anything else to provide Mrs. Wood with that annuity. Under *Brush* and *Vallee* the September 1986, notice was plainly inadequate. Indeed, this very issue was addressed in *Vallee:*

> [T]he notice form that was sent to Mr. Vallee in 1984 and 1986 was silent on the need to make an election under the Spouse Equity Act. Nor did the notice form state that no survivor annuity would be paid to his divorced spouse even if he continued to reduce his own annuity.... As the court held in *Brush,* the OPM was under an affirmative statutory duty to provide the requisite information to annuitants. That duty was not met as to Mr. Vallee.

*Vallee,* 58 F.3d at 615–16.

■ We recognize that here the December 1987 notice from OPM set forth the election requirements; that *Holder* held that this form of notice, standing alone, was adequate, 47 F.3d at 415; and that the December 1987 notice may have been the first notice required by the statute. But this case is quite different from *Holder.* In *Holder* this court did not find that before and during the election period, Mr. Holder had received confusing notices. Rather in *Holder* a compliant notice was sent during the election period, and the supposedly confusing notices were sent *after* the election period, and thus could not have affected the election decision. Here,

in September 1986, immediately *before* the election period, the government sent Mr. Wood a most confusing notice, and we hold that, having done so, it was not enough that OPM sent him a compliant notice at a later time during the election period (in December 1987), particularly since that compliant notice was itself hardly a model of clarity, and did little to correct the earlier confusion.

■ By our reliance on the misleading nature of OPM's September 1986 response to Mr. Wood's letter of inquiry, we do not mean to suggest that the mere fact that a federal agency gives misleading information to an applicant for benefits about the statutory or regulatory restrictions on the availability of those benefits is sufficient to waive those restrictions. The Supreme Court has held that the government is not generally subject to estoppel or a waiver of restrictions on eligibility for benefits even when the applicant is given misleading information that results in prejudicing his efforts to obtain the benefits. *See Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). Congress, however, has specifically directed OPM to inform annuitants on an annual basis of their rights to elect survivor annuities for former spouses, and this court has held, reasonably enough, that a statutory directive to provide such information means that the information must be correct and not misleading. It is not a significant extension of that principle to hold that OPM is required to provide accurate information to annuitants not only in the document that is denominated the annual notice of election rights, but in any other earlier document OPM provides to annuitants on that subject so that the statutorily-required notice is not diluted or contradicted. Because of the misleading September 1986 letter, the principles of *Brush* and *Vallee* are fully applicable here, and *Richmond* does not compel rejection of Mrs. Wood's claim.

■ It remains only to be determined whether Mr. Wood adequately manifested

his intention that his former spouse receive the annuity. We hold that he did. As this court noted in *Vallee*, "in order to authorize payment of the survivor annuity in these circumstances (where the retiree is now dead), there must be evidence sufficient to show that the retiree indeed intended to provide a survivor annuity for the former spouse." 58 F.3d at 616; *see also Brush*, 982 F.2d at 1562 ("Every indication in the record here compels the conclusion that Brush affirmatively desired the annuity for Mrs. Brush.").

Here, there is clear evidence that Mr. Wood intended to provide the survivor annuity for Mrs. Wood. After divorce, Mr. Wood continued to receive a reduced annuity. When OPM notified him of his right to have his annuity restored to its full value after the divorce in 1986,[2] Mr. Wood declined to do so. In both *Brush* and *Vallee*, this court found that an employee's continued acceptance of a reduced annuity following divorce, standing alone, adequately demonstrated that employee's intent to provide a survivor annuity for the former spouse. *Brush*, 982 F.2d at 1562 (noting that the divorced employee continued to receive the reduced annuity "over a period of two years after his own self interest could have dictated a change, if he had so desired"); *Vallee*, 58 F.3d at 616 (emphasizing the employee's decision to forego restoration of the full value of the annuity). Moreover, in his August 20, 1986, letter to OPM, Mr. Wood informed that agency that he wished for Mrs. Wood to receive the survivor annuity following their divorce. Under these circumstances, we conclude that Mr. Wood adequately manifested his intention that Mrs. Wood receive the survivor annuity following his death.

## CONCLUSION

In sum, we conclude that Mrs. Wood is entitled to receive the former spouse survivor annuity. The decision of the Merit Systems Protection Board is therefore reversed and remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*

## COSTS

No costs.

---

2. That notice stated, in pertinent part, that "[i]f your annuity is now reduced to provide a survivor annuity for a spouse, former spouse, or 'insurable interest' beneficiary, the reduction can generally be eliminated if one of the following events occurs: Your marriage to your current spouse ends by death, divorce, or annulment."