NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is
not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3116

DINEEN  L. JORDAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:   October 12, 2005
_____

Before MAYER, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

Dineen L. Jordan ("Jordan") appeals the final decision of the Merit Systems Protection Board denying her petition for review of the board's initial decision upholding an Office of Personnel Management ("OPM") denial of her application for disability retirement benefits.  Jordan v. Office of Pers. Mgmt., AT-844E-04-01410I-1 (MSPB Feb. 7, 2005).  We vacate and remand for further adjudication.

In order for Jordan's application for Federal Employees Retirement System ("FERS") disability retirement benefits to be timely, she must have applied for said

benefits either before or within one year after separation from Federal service. See 5 U.S.C. § 8453 (2000). In Johnston v. Office of Pers. Mgmt., 413 F.3d 1339 (Fed. Cir. 2005), which was unavailable to the board at the time of its decision, we held that the time period for filing an application for disability retirement under the Civil Service Retirement System ("CSRS") does not begin to run until the agency complies with a regulation requiring notification to the employee of the possibility of disability retirement. Although this case arises under FERS and not CSRS, the rationale of Johnston applies equally to this case.

OPM argues that its letter to Jordan dated January 29, 2000, notified her of the time period for filing a claim for disability retirement benefits. This letter did not satisfy the agency's duty to "advise the employee in writing of his or her possible eligibility for disability retirement and of the time limit for filing an application." 5 C.F.R. § 844.202(b)(1). Instead of advising of her "possible eligibility for disability retirement", the letter informed her that she was ineligible because the time limit for filing an application had expired and that any application filed would be disallowed as untimely. As such, this letter failed to provide Jordan with the requisite notice for the time limitation to begin. See Johnston, 413 F.3d at 1343 ("[I]nadequate or confusing notice does not satisfy the duty of notice of substantive rights." (citing Wood v. Office of Pers. Mgmt., 241 F.3d 1364, 1367 (Fed. Cir. 2001))). Consequently, we vacate the final decision of the board and remand the case for further adjudication in light of our holding in Johnston.