NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3123

LINDA K. FERRIS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Linda K. Ferris, of Roanoke, Virginia, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director. Of counsel was Earl A. Sanders, Office of Personnel Management, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3123

LINDA K. FERRIS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DC-0831-08-0555-I-1.

_____

DECIDED: July 10, 2009

_____

Before MAYER and BRYSON, <u>Circuit Judges</u>, and SPENCER, <u>Chief District Judge</u>.*

PER CURIAM.

Linda Ferris appeals the decision of the Merit Systems Protection Board, which affirmed the decision of the Office of Personnel Management (OPM) denying her request for a Civil Service Retirement System (CSRS) former spouse death benefit. We <u>affirm</u>.

_____

\* The Honorable James R. Spencer, Chief Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

Mrs. Ferris was married to Clyde Richard Ferris, an employee of the Department of Veterans Affairs, until their divorce in April 2002. She then remarried in June 2002 at the age of 48. This second marriage ended with the death of her spouse. After Mr. Ferris died, Mrs. Ferris applied for CSRS survivor benefits in December 2007. Pursuant to 5 U.S.C. § 8341(h)(3), OPM denied the application, finding that her remarriage prior to reaching the age of 55 permanently terminated any benefits based upon Mr. Ferris's federal service. She appealed to the board contending that if OPM had properly informed her of this provision when she requested information between the time of her divorce and her remarriage, she would not have remarried. Because Mrs. Ferris remarried before the age of 55 and OPM had to comply with the applicable statutory provision, the board affirmed OPM's decision denying her survivor benefits.

This court must affirm decisions of the Merit Systems Protection Board unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Pursuant to section 8341(h)(3), an annuitant is divested of survivor benefits upon remarriage prior to becoming 55 years of age. 5 U.S.C. § 8341(h)(3)(B)(i). Although Mrs. Ferris argues that OPM did not inform her of the termination condition, she does not dispute that she entered her second marriage before reaching the age of 55. The board was correct in finding that OPM cannot waive the statutory requirement and grant the annuity. See Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 416 (1990). Furthermore, even if OPM failed to inform her of the remarriage termination provision, the board cannot grant survivor benefits based on equitable consideration.

See <u>Holder v. Office of Pers. Mgmt.</u>, 47 F.3d 412, 414 (Fed. Cir. 1995) ("[The survivor] could not obtain relief even if . . . OPM provided her with unclear or faulty information concerning whether she need to apply for the annuity."). Mrs. Ferris argues that her former husband intended for her to receive survivor benefits, but this intent does not empower the board to grant her benefits when she is statutorily ineligible to receive them. Substantial evidence supports the board's finding that she remarried before the age of 55. The board correctly determined that she did not meet the statutory requirements to receive the survivor annuity. Therefore, the board's decision is in accordance with the law.