NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PEGGY ANN WISHNESKI,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3128

---

Petition for review of the Merit Systems Protection Board in No. AT-0831-13-0194-I-1.

---

Decided: November 7, 2014

---

PEGGY ANN WISHNESKI, of Palm Coast, Florida, pro se.

JOSEPH E. ASHMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and DONALD E. KINNER, Assistant Director.

---

Before NEWMAN, CLEVENGER, and DYK, *Circuit Judges.*

PER CURIAM

Peggy A. Wishneski appeals the Merit Systems Protection Board's ("Board") decision of April 11, 2014, affirming the Office of Personnel Management's ("OPM") decision that Mrs. Wishneski could not elect survivor annuity for her spouse because she did not submit her election within the statutory timeframe. *We affirm*.

I

Peggy A. Ridenour retired from federal service under Civil Service Retirement law on June 1, 2001. At the time of her retirement she was unmarried. On October 4, 2008, she married Robert Wishneski, and within a month of her marriage Mrs. Wishneski elected to add her husband to her health benefits.

In addition to adding her husband to her health benefits, Mrs. Wishneski was allowed to elect a survivor annuity for her husband. 5 U.S.C. § 8339(k)(2) (2012). With a survivor annuity, a retiree's spouse continues to receive benefits after the retiree's death. *See Belanger v. Office of Personnel Management*, 1 F.3d 1223, 1225 (Fed. Cir. 1993) (explaining the difference between "retirement annuity" and "survivor annuity"). When a retiree elects a survivor annuity, a portion of his or her regular monthly retirement payments are set aside, and after the retiree dies that reserved portion of the annuity is disbursed to the surviving spouse on a monthly basis. A survivor annuity reduces the retiree's monthly retirement annuity, and therefore the retiree must make an affirmative election to establish it. *Id.* The government withholds from these annuity payments to cover costs of the retiree and spouse's health benefits. 5 U.S.C. § 8906.

A retiree may elect a survivor annuity if he or she marries after retirement, but the retiree must make the election in a signed writing within two years of the marriage. 5 U.S.C. § 8339(k)(2). Therefore, Mrs. Wishneski

had until October 4, 2010, to file for a survivor annuity. Additionally, OPM has a statutory obligation to inform each annuitant, on an annual basis, of his or her rights of election under 5 U.S.C. § 8339(j) & (k)(2). Pub. L. 95-317 § 3, 92 Stat. 382 (1978).

In December 2008 and 2009, OPM sent Mrs. Wishneski a required annual notice containing a statement of Survivor Annuity Election Rights. Those notices included a section explaining her eligibility and time limits for electing survivor annuity for a spouse married after retirement. Elsewhere on the annual notice appears the following statement: "Health Benefits Coverage for Your Surviving Spouse – In the event of your death, your spouse will have health benefits coverage only if you: [e]lect survivor benefits for your spouse, and [h]ave family health benefits coverage when you die. There are no exceptions to these two requirements." Respondent's Informal Brief & Appendix at A32, A34, Wishneski v. OPM, No. 14-3128 (Fed. Cir. Aug. 4, 2014).

On February 25, 2011, Mrs. Wishneski wrote to OPM requesting survivor benefits for her husband. This was two years and four months after her marriage, and outside the statutory timeframe during which she was allowed to make the election. Mrs. Wishneski stated that she was unaware that she had to elect survivor benefits in order for her husband's health benefits to continue after her death. OPM denied Mrs. Wishneski's request for survivor annuity, because she did not file it within two years of the marriage. Respondent's Informal Brief & Appendix at A26, Wishneski v. OPM, No. 14-3128 (Fed. Cir. Aug. 4, 2014). In her June 26, 2011, request to OPM for reconsideration, Mrs. Wishneski admits that "I do realize now" that the notices she received stated the requirement concerning health benefits quoted above. OPM denied her request for reconsideration.

Mrs. Wishneski appealed OPM's denial to the Board. The administrative law judge affirmed OPM's decision, because Mrs. Wishneski had failed to make a timely election to provide her spouse with a survivor annuity. *Wishneski v. Office of Personnel Management*, No. AT-0831-13-0194-I-1 (M.S.P.B. Apr. 10, 2013) (*Initial Decision*). Furthermore, the ALJ concluded that OPM had sent adequate notice to Mrs. Wishneski regarding her post retirement election rights. Mrs. Wishneski filed a petition for review of this initial decision. The Board denied her petition and affirmed the ALJ. *Wishneski v. Office of Personnel Management*, No. AT-0831-13-0194-I-1 (M.S.P.B. Apr. 11, 2014) (*Final Order*). The Board reiterated that Mrs. Wishneski was required to elect the survivor annuity within two years of her marriage, and OPM cannot waive this requirement. Moreover, here OPM complied with the statutory requirement that it notify annuitants of their rights of election. Finally, the Board concluded that there is no requirement for OPM to specifically address health benefits in its annual notices. Pub. L. 95-317 § 3.

On appeal, Mrs. Wishneski alleges that OPM and staff were negligent in failing to inform her more clearly that she needed to elect survivor annuity within two years of her marriage in order for her husband to receive health benefits after her death. She is seeking to have her husband's health benefits continued in the event of her death.

II

This Court must affirm a Board decision unless it is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Simpson v. Office of Personnel Management*, 347 F.3d 1361, 1363–64 (Fed. Cir. 2003).

A federal employee who was unmarried at the time of retirement, but would have otherwise been permitted to elect a survivor annuity, may elect a survivor annuity if he or she marries after retirement. 5 U.S.C. § 8339(k)(2). To make this election, the employee must provide it in a signed writing to OPM within two years of the marriage. *Id.* The agency cannot waive this filing deadline requirement. *Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1382 (Fed. Cir. 1999). However, OPM has a statutory obligation to inform each annuitant, on an annual basis, of his or her rights of election under 5 U.S.C. § 8339(j) & (k)(2). Pub. L. 95-317 § 3. If OPM fails to comply with the notice requirement, then the agency cannot deny an annuity election filed outside the statutory timeframe, as long as there is evidence the retiree wished his or her spouse to receive the benefit. *Wood v. Office of Personnel Management*, 241 F.3d 1364, 1366 (Fed. Cir. 2001).

In this case, Mrs. Wishneski did not file her election for survivor annuity within the two year window, but she may still be entitled to elect a survivor annuity if OPM failed to notify her of her election rights. In December 2008 and 2009, OPM sent a notice to annuitants, including Mrs. Wishneski, which contained a statement of survivor annuity election rights. Mrs. Wishneski does not dispute that she received the annual notices. Nor does she dispute the substance of the notices with respect to election of a survivor annuity.

Instead, Mrs. Wishneski contends that the substance of the notice was deficient. As before the Board, she argues that the notice she received concerning the connection between a retirement annuity and health benefits was "poorly designed and thus did not clearly communicate that the 2-year window for election of a survivor annuity was related to the continuation of health-related benefits for the survivor after the retiree dies." *Wishneski*

*v. Office of Personnel Management*, No. AT-0831-13-0194-I-1 at 3 (M.S.P.B. Apr. 11, 2014) (*Final Order*).

Here, as before the Board, the government argues that the agency's obligation concerning notices regarding survivor annuities extends only to information about obtaining the survivor annuity, not to benefits that may be collaterally affected by the decision to obtain or forego a survivor annuity. The government rests its argument on the statute which mandates the agency's annual survivor annuity election notices, and does so only with reference to annuity election requirements. *See* Pub. L. 95-31 §3.

In this case, we need not decide if the agency has a legal obligation to notify those eligible to elect a survivor annuity of the relationship of the survivor annuity to health benefits. Mrs. Wishneski recognizes that she was given notice concerning that relationship, but faults the notice as lacking clarity. We disagree with her assessment of the notice. The text, quoted above, is set off from the balance of the information in the notice by a line box drawn around the text, which highlights its presence. We therefore agree with the Board's conclusion that the "notice issued in this case is sufficient." *Wishneski v. Office of Personnel Management*, No. AT-0831-13-0194-I-1 at 4 (M.S.P.B. Apr. 11, 2014) (*Final Order*).

### CONCLUSION

Because OPM has established that it sent annual notices to Mrs. Wishneski regarding her right to elect a survivor annuity, these notices contained a statement that she had to elect survivor benefits in order for her husband's health benefits to continue after her death, and because she failed to make an election within the designated two year timeframe, the decision of the Board is *affirmed*.

**AFFIRMED**

## COSTS

Each side shall bear its own costs.