## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES HILL,<br>        Appellant, | DOCKET NUMBER<br>AT-0831-19-0782-I-1 |
|     v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: May 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James Hill</u>, Lake Wales, Florida, pro se.

<u>Angerlia D. Johnson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his request to elect survivor annuity benefits for his post-retirement spouse under the Civil Service Retirement System. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The initial decision provided that January 8, 2020, was the deadline for filing a petition for review. Initial Appeal File (IAF), Tab 9, Initial Decision (ID) at 6. The appellant's pleading that the Office of the Clerk of the Board docketed as a petition for review was filed on January 17, 2020, nine days after the January 8, 2020 filing deadline. Petition for Review (PFR) File, Tab 1 at 1, 3, Tab 2 at 1; *see* 5 C.F.R. § 1201.4(*l*) (providing that the date of filing by mail is determined by the postmark date). However, the record reflects that the appellant filed a prior pleading on December 14, 2019, IAF, Tab 11 at 4; *see* 5 C.F.R. § 1201.4(*l*), after the December 4, 2019 issuance of the initial decision and before the January 8, 2020 deadline for filing a petition for review, ID at 1, 6; IAF, Tab 10. Although these circumstances raise a question regarding the timeliness of the appellant's petition for review, we decline to reach this issue. Rather, even considering the arguments raised in the appellant's prior pleading and in his pleading that was docketed as a petition for review, we discern no reason to disturb the initial decision.

Specifically, the appellant does not challenge, and we decline to disturb, the administrative judge's finding that the appellant failed to prove by

preponderant evidence[2] that he made a timely election to provide survivor annuity benefits for his post-retirement spouse within 2 years after his marriage. ID at 2-4; *see* 5 U.S.C. § 8339(k)(2)(A); *Robinson v. Office of Personnel Management*, 106 M.S.P.R. 255, ¶¶ 8-9 (2007). Instead, the appellant challenges the administrative judge's finding that OPM met its burden of proving that it sent to the appellant the required annual notices of his survivor annuity election rights. PFR File, Tab 1 at 2; IAF, Tab 11 at 1; ID at 3-5.

The Board has held that it will waive the 2-year deadline for electing survivor annuity benefits when OPM fails to meet its burden of proving both that OPM sent to an annuitant the required annual notice and that the notice was adequate to inform him of the specific election requirements under 5 U.S.C. § 8339(k)(2). *Robinson*, 106 M.S.P.R. 255, ¶ 10. Based on our review of the record, we agree with the administrative judge's finding that OPM's submission of an affidavit and copies of sample notices satisfied OPM's burden of proving that it sent the appellant required notices of his survivor annuity election rights in December 2010 and December 2011 and the contents of such notices.[3] ID at 3-5; IAF, Tab 5 at 10-15. In particular, our reviewing court held in *Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1380-81 (Fed. Cir. 1999), that a similar affidavit satisfied OPM's burden of proving both that it sent the required annual notice and the contents of that notice. *See, e.g.*, *Cartsounis v. Office of Personnel Management*, 91 M.S.P.R. 502, ¶¶ 5-7 (2002) (finding that OPM's affidavit and copy of its notice satisfied OPM's burden of proving that it sent the required annual notice and the contents of that notice). Therefore, we are not persuaded by the appellant's unsupported argument that OPM's affidavit and

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] Because the administrative judge shifted the burden on the appellant to show that he did not receive the annual notices, the administrative judge implicitly found that OPM's documentary evidence satisfied its burden of proving the contents of the annual notices. ID at 3-5.

sample notices were insufficient to meet its burden because they did not identify the address of record to which the notices were sent. PFR File, Tab 1 at 2; *see Schoemakers*, 180 F.3d at 1381 ("There is no requirement, however, that OPM's proof relate to any specific notices sent to the particular annuitant, . . . .").

Further, we find that the appellant's reassertions that his address has changed several times, without more, is insufficient to show that he did not receive the annual notices. PFR File, Tab 1 at 2; IAF, Tab 8 at 1, Tab 11 at 1; *see Cartsounis*, 91 M.S.P.R. 502, ¶ 7 (finding that, once OPM has met its burden of proof regarding notice, the burden shifts to the appellant to show that he did not receive the annual notice). Importantly, the appellant has not indicated whether he notified OPM of the changes in his address. *Cf., Murphy v. Office of Personnel Management*, 50 M.S.P.R. 407, 411-12 (1991) (remanding the appeal to determine whether the appellant rebutted the presumption arising from OPM's affidavit that he received an annual notice when he and his wife testified that, among other things, they relocated three times during the 1-year period after their marriage and notified OPM of the address changes).

In addition, the appellant appears to be challenging the administrative judge's finding that the Board's precedent in *Robinson*, 106 M.S.P.R. 255, ¶ 14, is not applicable to this appeal. PFR File, Tab 1 at 2; ID at 5. The appellant argues that he should be considered to have made a timely election because OPM provided him with inaccurate information that caused him to fail to elect a survivor annuity. PFR File, Tab 1 at 2. To support his argument, he cites *Nixon v. Office of Personnel Management*, 452 F.3d 1361, 1363-67 (Fed. Cir. 2006), and *Wood v. Office of Personnel Management*, 241 F.3d 1364 (Fed. Cir. 2001). PFR File, Tab 1 at 2. However, the appellant has failed to specify what inaccurate information OPM allegedly provided. To the extent he is arguing that OPM misinformed him by not sending him the annual notices, we find this argument unavailing for the reasons discussed above. IAF, Tab 11 at 1.

Accordingly, we affirm the initial decision.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] We decline to address the appellant's question about what will happen to his retirement benefits upon his death because the Board is prohibited by statute from issuing advisory opinions. IAF, Tab 11 at 3; 5 U.S.C. § 1204(h). We further deny the appellant's request to assign a settlement judge to this appeal. IAF, Tab 11 at 2.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.