## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JENITA PUA CLANCY,
                    Appellant,

                    v.

OFFICE OF PERSONNEL
     MANAGEMENT,
                    Agency.

DOCKET NUMBER
CH-0831-23-0092-I-1

DATE: November 17, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jenita Pua Clancy, Saint Robert, Missouri, pro se.

Sherri A. McCall and Eva Ukkola, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the October 2022 reconsideration decision by the Office of Personnel Management (OPM) denying her request for survivor annuity benefits under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's explanation as to why an August 28, 2021 annuity statement does not entitle the appellant to a survivor spouse annuity, and to find that the Board lacks jurisdiction over the appellant's claim that she has obtained an October 2023 court order awarding her a survivor spouse annuity, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

Notable circumstances underlying this appeal include the appellant marrying Mr. Clancy in 2002, him retiring in 2011 and electing a survivor benefit in favor of the appellant, the two divorcing in 2014, and the two remarrying each other in 2019. Initial Appeal File (IAF), Initial Decision (ID) at 2-3. After his passing, the appellant applied for survivor benefits, which OPM denied in the October 2022 reconsideration decision currently before us on appeal because Mr. Clancy did not notify OPM of the remarriage and did not reelect a survivor benefit for the appellant within the time period for doing so. *Id.* The administrative judge affirmed OPM's reconsideration decision. ID at 8.

On petition for review, the appellant argues that she is otherwise entitled to a former spouse survivor annuity pursuant to 5 U.S.C. § 8341(h)(1), which

concerns entitlement under the terms of a divorce order or agreement. Petition for Review (PFR) File, Tab 1 at 6-7. She asserts that the administrative judge ignored the fact that OPM provided an August 28, 2021 annuity statement to her husband, Mr. Clancy, which had assured him that the appellant would receive a monthly survivor annuity after his death. *Id.* at 4-6. She argues that the annuity statement created a contract between OPM and Mr. Clancy. *Id.* at 3. She disputes the administrative judge's statement in the initial decision that Mr. Clancy had a phone call with OPM about the survivor annuity. *Id.* at 6. She asserts for the first time that, despite their January 2014 divorce, the couple never separated. *Id.* at 2. She also describes the financial and emotional hardship caused by the denial of a survivor annuity. *Id.* at 5. OPM has not responded to the petition for review.

## The appellant's challenge of OPM's October 2022 reconsideration decision regarding entitlement to benefits as a surviving spouse is unavailing.

Contrary to the appellant's argument on review, the administrative judge did not ignore her assertion concerning Mr. Clancy's reliance on OPM's August 28, 2021 annuity statement, which contained inaccurate information. ID at 4-5. He explained that, under *Office of Personnel Management v. Richmond*, 496 U.S. 414, 417-18, 424-26 (1990), equitable estoppel is not a basis to grant annuity benefits that were not authorized under statute despite a retiree's reliance on misinformation provided by his former employing agency. The Court reasoned that the Appropriations Clause of the U.S. Constitution prohibited the expenditure of funds unless authorized by Congress. *Id.* at 424-26 (citing U.S. Const. art. I, § 9, cl. 7 ("No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law.")).

Although not specifically addressed by the administrative judge, we consider here whether the misinformation provided by OPM in the August 28, 2021 annuity statement undercut the annual notices it provided to Mr. Clancy regarding the requirement that he elect a survivor annuity for the appellant within

2 years of their May 2019 remarriage. Simply providing the annual notice does not fulfill OPM's obligation. *Wood v. Office of Personnel Management*, 241 F.3d 1364, 1367 (Fed. Cir. 2001). "OPM is required to provide accurate information to annuitants not only in the document that is denominated the annual notice of election rights, but in any other earlier document OPM provides to annuitants on that subject so that the statutorily required notice is not diluted or contradicted." *Id.* The August 28, 2021 annuity statement inaccurately reflected that the appellant was entitled to a survivor spouse annuity. IAF, Tab 7 at 28. Because the administrative judge did not address whether the August 28, 2021 annuity statement diluted or contradicted OPM's annual notices, we do so here.

We find that, because the August 28, 2021 annuity statement postdated the accurate annual notices issued to Mr. Clancy in December 2019 and December 2020, and postdated the expiration on May 2021 of the 2-year period for electing a survivor annuity following his remarriage to the appellant, it could not have impeded Mr. Clancy's ability to make a timely election. IAF, Tab 7 at 18-20, 22, 31. In other words, OPM provided accurate information during the period in which Mr. Clancy needed to inform OPM of any election to provide the appellant with a survivor annuity. OPM only provided inaccurate information after the period for such an election had already expired. We affirm the initial decision as modified to include this supplemental finding.[2]

The appellant has not established jurisdiction over more recent claims regarding her entitlement to benefits as a former spouse.

During the hearing, the appellant argued that she was entitled to benefits under the terms of an October 6, 2023 court order that "correct[ed] the clerical

---

[2] As previously noted, the appellant asserts on review that the administrative judge erred in stating that Mr. Clancy had a phone conversation with OPM about a survivor annuity. *Compare* PFR File, Tab 1 at 6, *with* ID at 4. Insofar as this discrepancy does not impact the outcome of this appeal, we discern no basis to disturb the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

errors" in the January 2014 divorce settlement. IAF, Tab 19-1, Hearing Recording (HR) (testimony of the appellant), Tab 23 at 4-6. The administrative judge stated that if the appellant raised this new issue with OPM, OPM would make a new determination on the appellant's entitlement to benefits. ID at 7 n.3; HR (discussion on the record). Without that determination from OPM, he did not address the merits of the appellant's claim about the October 2023 court order. We modify the initial decision to clarify that the Board lacks jurisdiction over this matter.

Generally, the Board has jurisdiction over OPM's determinations affecting an appellant's rights or interests under the CSRS only after OPM has issued a reconsideration decision. *Miller v. Office of Personnel Management*, 123 M.S.P.R. 68, ¶ 7 (2015). There is no indication that the appellant requested, or OPM issued, an initial or final decision addressing the appellant's entitlement to former spouse survivor annuity under the amended court order of October 2023. IAF, Tab 7 at 12-14. OPM issued the October 20, 2022 reconsideration decision before us a year before the filing date listed on the October 2023 court order. IAF, Tab 7 at 12, Tab 23 at 4-6. Thus, the October 2023 court order and its impact on the appellant's entitlement to benefits is outside the scope of the Board's jurisdiction in this appeal, which concerns only OPM's October 20, 2022 reconsideration decision. To the extent that the administrative judge did not expressly make this jurisdictional determination, we do so here. If the appellant pursues a new claim with OPM regarding the October 2023 court order or any other matter and receives a reconsideration decision from OPM with which she disagrees, she may file a new Board appeal at that time.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.